# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD T. WILLIAMSON, SR.,    )
                      Petitioner,    )
                                ) Civil Action No. 12-820
     vs.                         )
                                ) Chief Judge Gary L. Lancaster/
ALLEGHENY COUNTY JAIL; WARDEN ) Magistrate Judge Maureen P. Kelly
WILLIAM STICKMAN; MARSHA      )
HINTON, ACJ Population Control Manager;)
ACJ ADMINISTRATION,            )
                     Respondents.  )

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice for failure to comply with the Court's Order to Show Cause entered on October 3, 2012. ECF No. 3.

### II. REPORT

At the time Leonard T. Williamson, Sr. ("Petitioner") initiated this Petition for Writ of Habeas Corpus, he was incarcerated in the Allegheny County Jail ("ACJ"). Petitioner, proceeding *pro se*, challenges the fact that he was being incarcerated in the ACJ rather than being placed in alternative housing (which, the Court takes to mean, a half-way house), despite the fact the Court of Common Pleas of Allegheny Coutny, in effect, directed that Petitioner be placed in alternative housing. ECF No. 1 at 6. Petitioner did not pay the filing fee nor did he file a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). On August 31, 2012, this Court ordered Petitioner to rectify this deficiency and either pay the filing fee or file an IFP

Motion. ECF No. 2. Petitioner was given until September 14, 2012, to rectify this deficiency.

Petitioner failed to do so. Accordingly, on October 3, 2012, this Court issued an Order to Show

Cause why this case should not be dismissed due to his failure to comply with the deficiency

order dated August 31, 2012. Petitioner was directed to file a response to the Order to Show

Cause by October 16, 2012. Petitioner never filed a response nor did he seek an extension of

time in which to do so. However, on November 6, 2012, the Order to Show Cause was returned

to the Court as undeliverable because Petitioner was no longer at the ACJ.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of

the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court.

Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d

Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's

sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998)

("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant

to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City

School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the

extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction

of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to

comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d

Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United

States Court of Appeals for the Third Circuit set forth the following six factors to be considered:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

This Court now applies the six Poulis factors to the matter at issue.

(1) The extent of the party's personal responsibility.

Petitioner is proceeding in this matter *pro se*. The responsibility for his failure to respond to the orders in question and/or to keep the Court informed of his current address is Petitioner's alone.

(2) Prejudice to the adversary.

There is no indication that Respondents have been prejudiced by Petitioner's failures.

(3) A history of dilatoriness.

Petitioner has failed to obey court orders and failed to keep the Court informed of his current address. Petitioner's failures are sufficient evidence, in this Court's view, to indicate that he does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Petitioner failures were the result of any "excusable neglect," Poulis, *supra*.

(5) Alternative sanctions.

Petitioner is proceeding *pro se* and has not responded to the Court's orders and has not kept the Court informed of his current address. It is not clear that any sanction other than dismissal will properly redress Petitioner's conduct.

(6) Meritoriousness of Petitioner's case.

It is difficult to assess the meritoriousness of Petitioner's claims at this early stage but absent the ability to communicate with Petitioner, which cannot be accomplished without his current address, even a meritorious claim cannot proceed.

In light of the foregoing, and especially given this Court's extended contact with Petitioner, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Petitioner's case be dismissed with prejudice for his failings to comply with the orders of this Court and for failing to keep the Court informed of his current address.

**III. CONCLUSION**

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Petitioner's case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in

accordance with Local Civil Rule 72.D.2.


Date:  December 21, 2012                    s/Maureen P. Kelly
                                           MAUREEN P. KELLY
                                           UNITED STATES MAGISTRATE JUDGE


cc:      The Honorable Gary L. Lancaster
         Chief United States District Judge


         LEONARD T. WILLIAMSON, SR.
         13951
         Allegheny County Jail
         950 Second Avenue
         Pittsburgh, PA 15219-3100