## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD T. WILLIAMSON, SR., | ) |
| Petitioner, | ) |
| | ) Civil Action No. 12-820 |
| vs. | ) |
| | ) Chief Judge Gary L. Lancaster/ |
| ALLEGHENY COUNTY JAIL; WARDEN | ) Magistrate Judge Maureen P. Kelly |
| WILLIAM STICKMAN; MARSHA | ) |
| HINTON, ACJ Population Control Manager; | ) |
| ACJ ADMINISTRATION, | ) |
| Respondents. | ) |

### MEMORANDUM ORDER

The above-captioned Petition for Writ of Habeas Corpus ("Petition") was filed *pro se* by

Leonard T. Williamson, Sr., who was, at the time of initiating this case, incarcerated in the

Allegheny County Jail ("ACJ") but was released shortly after initiating this case. The case was

referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28

U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 4, filed on December

21, 2012, recommended that the petition be dismissed pre-service due to Petitioner's failure to

obey Court orders, i.e., for failure to prosecute. A copy of the Report was sent to Petitioner at

his address of record and Petitioner was informed that he had until January 7, 2013, by which to

file objections to the Report. Petitioner filed objections, ECF No. 5, which we overrule.

In the Petition, Petitioner challenged the fact that he was being incarcerated in the ACJ

rather than being placed in alternative housing despite the fact the Court of Common Pleas of

Allegheny County, in effect, directed that Petitioner be placed in alternative housing. ECF No. 1

at 6. Petitioner did not pay the filing fee nor did he file a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). On August 31, 2012, Magistrate Judge Kelly ordered Petitioner to rectify this deficiency ("the August 31, 2012 Deficiency Order") and either pay the filing fee or file an IFP Motion. ECF No. 2. Petitioner was given until September 14, 2012, to rectify this deficiency. Petitioner failed to do so. Accordingly, on October 3, 2012, Magistrate Judge Kelly issued an Order to Show Cause why this case should not be dismissed due to Petitioner's failure to comply with the August 31, 2012 Deficiency Order. Petitioner was directed to file a response to the Order to Show Cause by October 16, 2012. Petitioner never filed a response nor did he seek an extension of time in which to do so.   However, on November 6, 2012, the Order to Show Cause was returned to the Court as undeliverable because Petitioner was no longer at the ACJ. Consequently, Magistrate Judge Kelly issued her Report, recommending dismissal of the action for failure to prosecute.

Petitioner has now filed objections to the Report which will be overruled. Petitioner claims that "although he was incarcerated at the ACJ when the August 31, 2012 order was issued, the Prison Staff delayed in delivering and withheld the incomming [sic] mail. Petitioner was unaware of this order and thus could not respond." The Court does not find this assertion credible for the following reasons.

The Court takes judicial notice of the fact that Petitioner had filed a civil rights action in this Court on September 5, 2012. Williamson v. Brownfield, No. 12-cv-1274 (W.D. Pa.). On the date Petitioner mailed in the complaint, i.e., August 30, 2012, id, ECF No. 1-10, Petitioner was housed at the ACJ, according to the return address on the envelope. Id. At some point, but no later than September 22, 2012, Petitioner was released from the ACJ. Id., ECF No. 4-1 (envelope indicating return address as a private address). See also id., ECF No. 13 (Plaintiff "was

released from the ACJ"). At some point, but no later than December 10, 2012, Plaintiff was returned to the ACJ. Id., ECF No. 8 (notice of change of address by Petitioner indicating that he was now at the ACJ).

Accordingly, what the Court believes transpired is that Plaintiff received the August 31, 2012 Deficiency Order but that he either knew at that time or shortly after the receipt of the August 31, 2012 Deficiency Order that he was going to be released from the ACJ. Accordingly, because he was going to be released from the ACJ, he apparently lost interest in pursuing this Petition because he was soon going to obtain the very thing he sought via this Petition, i.e., release from ACJ. When he was re-incarcerated in the ACJ, he again became interested in pursuing the Petition.

In light of the foregoing, we hereby overrule Petitioner's objections, and find as a fact that he did receive the August 31, 2012 Deficiency Order and simply did not reply because he was being released. Hence, we adopt the Report, finding that this case should be dismissed for Petitioner's failure to prosecute.

In the alternative, we find the Petition to have become moot upon Petitioner's release from the ACJ. Petitioner sought to challenge the alleged fact that the Allegheny County Court of Common Pleas ordered Petitioner to be housed in alternative housing, and not in the ACJ. When Petitioner was released from the ACJ, the Petition became moot because he was no longer housed there, the very thing relief he had sought via this Petition. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981)("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot."). Accord Lowary v. Lexington Local Bd. of Educ., 854 F.2d 131, 133 (6th Cir. 1988)("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed.") (citing DeFunis v. Odegaard, 416

3

U.S. 312, 316-17 (1974)); Althridge v. Quiggs, 852 F.2d 621, 624 (D.C. Cir. 1988)("It seems clear that Athridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot."). See also Lane v. Williams, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.").

Accordingly, finding the present Petition moot upon Petitioner's release, the Petition is dismissed as moot. This dismissal of the present Petition is, of course, without prejudice to Petitioner filing a new habeas petition at a new docket number seeking to challenge his present incarceration at the ACJ because the reasons for Petitioner's present incarceration may have nothing to do with the reasons for Petitioner's prior incarceration which he sought to attack by means of this Petition.

Accordingly, this _6_ day of February, 2013, after a *de novo* review of the Magistrate Judge's Report and Recommendation, and the record of this case, **IT IS HEREBY ORDERED** that the Report, as supplemented by this Memorandum Order, is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** and the Petition for Writ of Habeas Corpus, which shall be filed by the Clerk, is hereby **DISMISSED** for both failure to prosecute and, in the alternative, as moot. To the extent needed, a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall mark the instant **CASE CLOSED.**

Hon.Gary L. Lancaster,
Chief United States District Judge

4

5

cc:     The Honorable Maureen P. Kelly
        United States Magistrate Judge

        LEONARD T. WILLIAMSON, SR.
        13951
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA 15219-3100